### MUCKLE et al. v. RENNIE.

#### (City Court of New York, General Term. November 16, 1891.)

1. APPEAL—WEIGHT OF EVIDENCE—ACTUAL OBSERVATION.
   Plaintiff sued for materials furnished and labor performed at defendant's request. Plaintiff testified that he saw the work performed and materials furnished, and that they were worth the sum sued for. Defendant, who had not seen the work and materials, testified that they were not worth the sum claimed. Held, that a verdict for plaintiff would not be disturbed.

2. EVIDENCE—BOOKS OF ORIGINAL ENTRY—RES GESTÆ.
   Plaintiff's book-keeper testified that plaintiff's books were correctly kept, and that entries therein against defendant were made in the regular course of business, and immediately after the transactions occurred, and plaintiff testified that the work and materials itemized in such entries were performed and furnished as charged. Held, that plaintiff's books containing such entries were properly admitted in evidence.

3. SAME—COMPETENCY OF EXPERT—STEAM-FITTINGS.
   A person who has been for 6½ years in the employ of a firm whose business is steam engineering is competent to testify as to the value of work performed and materials furnished in making steam connections of an engine in an electric plant.

Appeal from trial term.

Action by Mark R. Muckle and another against Arthur H. Rennie. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before VAN WYCK and NEWBURGHER, JJ.

W. L. Groo, for appellant.    W. Lee Cannon, Jr., for respondents.

VAN WYCK, J.    Plaintiff sues for materials furnished and labor performed, at defendant's request, in and about the starting of a new electric plant at Salem, N. J., and in making steam connections of an engine to drive an arc dynamo, which defendant wanted ready for use in two or three days from time of delivery of the engine. Plaintiff testifies that he saw the work and materials which were performed and furnished in and about the engine and its connections, and that the same were reasonably worth the sum sued for. The defendant, who had not seen the work, testified that it was not worth near so much as the plaintiff claimed. The plaintiff's books of original entry were properly admitted as a part of the res gestæ, for the book-keeper testifies that the books were correctly kept, and the entries were made in the regular course of business, immediately after the transactions occurred; and the plaintiff testified that all of the work and materials as itemized in these books were performed for and furnished to the defendant. The competency of the witness Vail to testify as to the values is shown on page 33, where he says that he was assistant manager for the Westinghouse Company, whose business is steam engineering, for 6½ years. No errors of law seem to have been made, and the verdict is not against the weight of evidence. Judgment affirmed, with costs.